IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ZACHARY STARANOWICZ, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO: 1:23-cv-68 |
| | ) | |
| | ) | |
| AMAZON.COM SERVICES LLC, | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

This is a case about employment discrimination in violation of the Americans with Disabilities Act of 1990 (and its subsequent amendments) and the Texas Labor Code, Chapter 21.

### PARTIES

1.      Plaintiff is a citizen of Texas that formerly worked for Defendant.

2.      Defendant is a Delaware corporation with headquarters in the State of Washington. Defendant is an online retailer that ships goods nationwide, including within the State of Texas.

### JURISDICTION

3.      This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331, as well as 42 U.S.C. § 2000e-5(f)(3) as incorporated by 42 U.S.C. § 12117(a).

4.      This Court has subject matter jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

### VENUE

5.      Venue is proper in accordance with 28 U.S.C. § 1391(b)(1) and (2), as Defendant resides in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.      Venus is also proper in accordance with 42 U.S.C. § 2000e-5(f)(3).

## CONDITIONS PRECEDENT

7.      All conditions precedent have been performed or have occurred.

## FACTS

8.      In September 2020, Plaintiff began working for Defendant.

9.      Plaintiff first worked at Defendant's location in Round Rock, Texas, and then transferred to the location in San Marcos, Texas.

10.     Plaintiff's position was sortation associate.

11.     In July 2021, Plaintiff was injured on the job.  Plaintiff's injuries were to his wrists and hands. Plaintiff's injuries caused significant pain and prevented him from doing his normal duties as a sortation associate.

12.     Plaintiff's injuries were later diagnosed as DeQuervain's tenosynovitis, radial tunnel syndrome, and bilateral carpal tunnel syndrome. The injuries were especially significant because Plaintiff is deaf and communicates through American Sign Language.

13.     As an accommodation, Plaintiff requested a computer-based job with Defendant. Plaintiff provided Defendant with medical documentation supporting the accommodation request. The documentation described Plaintiff's medical restrictions. Plaintiff's doctor specifically indicated that Plaintiff could type and work on a computer; Plaintiff just could not engage in repetitive lifting or forceful use of his hands and wrists.

14.     Defendant claimed it could not find Plaintiff an accommodation at the San Marcos location.

15.     Left with no other option, Plaintiff took medical leave and collected benefits under Defendant's short-term disability policy offered to employees, which was 60% of Plaintiff's normal salary.

16.     After it became apparent Plaintiff's injuries were long-term, Defendant emailed Plaintiff saying Defendant continued to be unable to accommodate Plaintiff in his current role. Defendant

asked for Plaintiff's resume and Defendant asked Plaintiff to search for other jobs at Defendant that would meet Plaintiff's restrictions. Plaintiff did as Defendant asked

17.     Plaintiff searched for jobs within his restrictions at Defendant's other locations in the area. Defendant also claimed it was looking for jobs within Plaintiff's restrictions. As time passed, Plaintiff sent Defendant multiple emails about jobs that were within his restrictions. Defendant either ignored Plaintiff's emails or replied that Plaintiff was not eligible for those jobs.

18.     Plaintiff's short-term disability ran out in January 2022 and his long-term disability benefits were not approved. Plaintiff had no income and he remained on unpaid leave. Defendant continued to claim it could not find Plaintiff a computer-based job, despite the fact that Plaintiff knew there were available computer-based jobs that he was qualified for considering he has a bachelor's degree in information systems.

19.     On March 9, 2022, Defendant told Plaintiff that he had exhausted the accommodation process and that Defendant could not accommodate him, i.e., Defendant formally and finally denied Plaintiff's accommodation request.

20.     Fearing being fired, and having financial difficulty because Defendant denied his long-term disability claim, Plaintiff went back to his doctor to see if his restrictions could be modified at all.

21.     In April 2022, Plaintiff submitted new medical documentation to Defendant with modified restrictions, i.e., Plaintiff submitted a new accommodation request.

22.     On May 24, 2022, Defendant approved Plaintiff's accommodation request by scheduling him for light duties. Defendant still did not approve a computer-based job.

23.     Plaintiff returned to work on May 29, 2022. When Plaintiff returned, nobody was willing to train him on what he was supposed to be doing. Plaintiff ended up cleaning random areas within the workplace, and even that was limited to dusting/wiping because of Plaintiff's restrictions. Because of this, Plaintiff resigned from Defendant.

## CAUSES OF ACTION

### Count I—ADA (denial of a reasonable accommodation)

24.     Plaintiff hereby incorporates all prior paragraphs of this complaint.

25.     At all relevant times, Plaintiff had a disability. More specifically, Plaintiff had two disabilities: deafness and bilateral hand and wrist injuries, both of which substantially limited one or more of Plaintiff's major life activities.

26.     Plaintiff informed Defendant of the disabilities and sought the reasonable accommodation of a computer-based job or any job that did not involve repetitive lifting or forceful use of his hands and wrists.

27.     Defendant denied the accommodation, despite being one of the largest technology companies in the world with locations throughout the Austin area. If Plaintiff was hearing, Defendant would have quickly found Plaintiff a computer-based job.

28.     Through the above-described conduct, Defendant denied Plaintiff a reasonable accommodation, thereby discriminating against Plaintiff on the basis of disability in violation of the Americans with Disabilities Act of 1990 (and its subsequent amendments), 42 U.S.C. §§ 12101 et seq.

### Count II—Texas Labor Code (denial of a reasonable accommodation)

29.     Plaintiff hereby incorporates all prior paragraphs of this complaint.

30.     Through the above-described conduct, Defendant denied Plaintiff a reasonable accommodation, thereby discriminating against Plaintiff on the basis of disability in violation of Texas Labor Code, Chapter 21.

### Count III—ADA (constructive discharge)

31.     Plaintiff hereby incorporates all prior paragraphs of this complaint.

32.    Upon denying Plaintiff's accommodation, Defendant informed Plaintiff that he was subject to termination from the company.

33.    Plaintiff then went to his physician to attempt to modify his restrictions.

34.    Plaintiff provided modified restrictions to Defendant and Plaintiff thereafter returned to work.

35.    When Plaintiff returned, nobody was willing to train him on what he was supposed to be doing. Plaintiff ended up cleaning random areas within the workplace, and even that was limited to dusting/wiping because of Plaintiff's restrictions.

36.    Defendant's actions rendered Plaintiff's continued employment untenable, thereby forcing Plaintiff to resign.

37.    Through the above-described conduct, Defendant constructively discharged Plaintiff because of his disability, thereby discriminating against Plaintiff in violation of the Americans with Disabilities Act of 1990 (and its subsequent amendments), 42 U.S.C. §§ 12101 et seq.

<u>Count IV—Texas Labor Code (Constructive Discharge)</u>

38.    Plaintiff hereby incorporates all prior paragraphs of this complaint.

39.    Through the above-described conduct, Defendant constructively discharged Plaintiff because of his disability, thereby discriminating against Plaintiff in violation of Texas Labor Code, Chapter 21.

## DAMAGES

40.    As a result of the Defendants' actions, Plaintiff suffered the following compensatory damages:

    a.  Lost earnings and other pecuniary benefits of employment;

    b.  Loss of earning capacity in the past and in the future;

    c.  Mental and emotional pain and anguish in the past and in the future;

d.   Inconvenience in the past and in the future; and

e.   Injury to reputation in the past and in the future.

41.     The assessment of exemplary (punitive) damages is warranted in accordance with 42 U.S.C. §
1981a because Defendant acted with malice or reckless indifference to Plaintiff's federally protected
rights, especially considering Plaintiff's bilateral hand and wrist injuries occurred while working for
Defendant.

## ATTORNEY FEES & COSTS

42.     The Plaintiff is entitled to and requests an award of attorney fees and litigation costs
(including expert fees) pursuant to  42 U.S.C. § 2000e-5(k) and Texas Labor Code § 21.259.

## JURY DEMAND

43.     Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a jury trial.

## PRAYER FOR RELIEF

44.     For these reasons, Plaintiffs request a judgment against Defendant for the following:

a.   Compensatory damages against Defendant;

b.   Exemplary (punitive) damages;

c.   Attorney fees and litigation costs (including expert fees);

d.   Prejudgment and postjudgment interest;

e.   Court costs, including the cost of filing suit; and

f.   All other relief which may be just and proper under the circumstances.

Respectfully submitted,

/s/Ross A. Brennan
Bar No. 29842-64
Cronauer Law—Texas Office
7500 Rialto Blvd, Bldg 1, Ste 250
Austin, TX 78735
512-733-5151
ross@cronauerlaw.com